UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BROWN & ROOT INDUSTRIAL　　　　　　CIVIL ACTION
SERVICES, LLC

VERSUS

　　　　　　　　　　　　　　　　　　　　NO: 17-00361-BAJ-EWD

GREGORY NELSON

<u>**RULING AND ORDER**</u>

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 23)**, issued pursuant to 28 U.S.C. § 636(b)(1), addressing Plaintiff Brown & Root Industrial Services, LLC's **Motion to Remand (Doc. 6)**. The Magistrate Judge recommended that the motion be denied. (Doc. 23 at p. 18). Under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72, the parties had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Plaintiff timely objected to the Report and Recommendation. (Doc. 24). Although the Court follows a slightly different path than the Magistrate Judge, it reaches the same destination, and Plaintiff's **Motion to Remand (Doc. 6)** is **DENIED**.

I.　BACKGROUND

On March 27, 2017, Plaintiff Brown & Root sued Defendant Gregory Nelson for $3,264,965.00 in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana stemming from a construction contract. (Doc. 1-2). Plaintiff's Chief

1

Operating Officer ("COO") alleges that Defendant told him that he had several homes, including ones in New York City, Miami and New Orleans. (Doc. 6-2 at ¶ 4). Defendant also allegedly told the COO that he grew up in New York and "always considered it to be his home." *Id.* at ¶ 5. After Plaintiff filed suit, the COO allegedly "did some research and found that" Defendant and his wife owned an apartment located at 38 W 26th Street, New York, NY. *Id.* at ¶ 7.

Counsel for the Plaintiff attempted to mail a copy of the petition and citation[1] to Defendant at his New York apartment by certified mail. (Doc. 6-1 at p. 1). A United States Postal Service receipt reflects that it was delivered on March 31, 2017, but the signature on the receipt is illegible. *Id.* at p. 4, 6. Counsel for the Plaintiff also sent a copy of the petition and citation to the same address on March 28, 2017, by FedEx. *Id.* at p. 2. It was delivered on March 31, 2017 and signed for by an unknown individual named "T. Trevor." *Id.* at p. 10.

On May 10, 2017, after Defendant had failed to respond to the suit, the state court entered a default judgment in the amount of $3,264,965.00. (Doc. 1-2 at p. 20). On June 2, 2017, Defendant visited his New York apartment for the first time in several months. (Doc. 1-3 at p. 3). When he arrived, he allegedly found the FedEx envelope with a copy of the petition and citation, and he learned that he had been sued by Brown & Root. *Id.* The next day, he claims that he checked his mailbox and learned that a default judgment had been entered against him. *Id.*[2]

---

[1] A petition and citation are the Louisiana equivalent of a summons and complaint.

[2] Plaintiff does not state whether he actually received the petition and summons by certified mail. (Doc. 1-3).

Defendant claims that he has lived in Miami Beach, Florida since 2012. (Doc. 1-3 at ¶ 2). His children attend school there, he is registered to vote there, and he has a Florida driver's license. *Id.* at ¶ 3-5. Defendant alleges that although he owns the New York apartment where Plaintiff sent the petition and citation, he only spends three to six weeks there each year for holidays, business trips, and to visit his mother who also lives in New York. *Id.* at ¶ 11.

On June 9, 2017, a week after learning of the lawsuit, Nelson removed the case to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332 and related-to bankruptcy jurisdiction under 28 U.S.C. § 1334(b).[3] (Doc. 1). Plaintiff then filed the pending Motion to Remand, arguing that Defendant's Notice of Removal is untimely because Defendant filed it more than thirty days after it served Defendant with the petition and citation. (Doc. 6-3 at p. 3). Plaintiff also filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(4). (Doc. 4). Plaintiff argues that the default judgment entered against him should be vacated because Plaintiff failed to properly serve him with the state court petition and, as a result, the Court lacks personal jurisdiction. (Doc. 4-1 at p. 1). The Court also permitted Defendant to delay filing its opposition to the Motion for Relief from Judgment until twenty-one days after the Court's ruling on the pending Motion to Remand. (Doc. 10).

---

[3] 28 U.S.C. § 1334(b) provides district courts with original jurisdiction over "of all civil proceedings arising under title 11, or arising in or related to cases under title 11", and Title 11 governs bankruptcy proceedings.

3

## II. LEGAL STANDARD

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). Defendant, the removing party, bears the burden of establishing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (internal citation omitted).

## III. DISCUSSION

Plaintiff argues that this action should be remanded because mailing the petition and citation to Defendant's New York apartment triggered the 30-day period for Defendant to file a notice of removal, and that time had expired when Defendant filed his notice of removal. (Doc. 6-3 at p. 3). Defendant claims that he was never properly served with process under Louisiana's long-arm statute, and therefore his notice of removal was timely. (Doc. 15 at p. 4).

28 U.S.C. § 1446(b)(1), which governs the timeliness of a notice of removal, provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.][4]

---

[4] The statute also includes another clause, not at issue here, which governs situations where a plaintiff is not required to serve the initial pleading on the defendant.

The Magistrate Judge found that even assuming Plaintiff properly served Defendant, the time to remove the case did not begin until Defendant actually received the petition and citation when he visited his New York apartment. (Doc. 23 at p. 10). Accordingly, the Magistrate Judge concluded that Defendant timely filed his notice of removal, and recommends denying Plaintiff's Motion to Remand. *Id.* at p. 12. The Magistrate did not address whether Plaintiff properly served the Defendant. *Id.* at p. 10-12. Plaintiff objects to this recommendation, claiming that the time to remove is triggered by proper service of process alone, and that actual receipt of the petition and citation is irrelevant. (Doc. 24).

The Magistrate Judge understandably did not decide whether service complied with Louisiana law because the facts here present an issue of first impression. No court has addressed whether serving a defendant at his part-time residence satisfies Louisiana's long arm statute. Whether service was proper, however, impacts Plaintiff's pending Rule 60(e) Motion for Relief from Judgement in addition to the pending Motion to Remand. Therefore, the Court will decide whether Plaintiff properly served Defendant in accordance with the Louisiana long-arm statute.

The Louisiana long-arm statute, which governs service to nonresident defendants, provides that a copy of the petition and citation "shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by [1] registered or certified mail, or [2] actually delivered to the defendant by commercial courier." La. R.S. 13:3204(A). Defendant claims that he was not properly served by certified mail or commercial courier.

5

A commercial courier is a business "having as its primary purpose the delivery of letters and parcels of any type, and which: (1) [a]cquires a signed receipt from the addressee, or the addressee's agent, of the letter or parcel upon completion of delivery." La. R.S. 13:3204(D). Here, the Court finds that FedEx delivered a copy of the petition and citation to Defendant's New York apartment, but the delivery receipt was not signed by the addressee, Gregory Nelson, or his agent. The FedEx return receipt reflects that an unknown individual named "T. Trevor" signed the package. (Doc. 6-1 at p. 10). Defendant also claims that the FedEx envelope was later placed in his apartment by the maintenance supervisor for his apartment, but that he had not authorized him or anyone else to accept his mail. (Doc. 1-3 at p. 3). Plaintiff provides no reason to doubt Defendant's factual allegations. Therefore, the Court finds that Plaintiff did not properly serve Defendant by commercial courier.

Defendant next argues that Plaintiff failed to properly serve him by certified mail. (Doc. 15 a p. 7-11). The Louisiana long-arm statute provides that the petition and citation "shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail[.]" La. R.S. 13:3204(A). The question, though, is whether mailing a petition and citation to a defendant, where he only lives three to six weeks each year, satisfies Louisiana's long arm statute. This is an issue of first impression. The Court is not aware of any case offering guidance on whether mailing a petition and citation to a defendant's part-time residence by certified mail satisfies Louisiana's long-arm statute.

Defendant argues that mailing the petition and citation to Defendant's New

York apartment satisfies the statute because courts have held that a defendant need not even receive the petition and citation. (Doc. 6-3 at p. 5). These cases although alluring are distinguishable. For example, in *Stogner v. Neilsen & Hiebert Sys., Inc.*, No. 07-4058, 2008 WL 4587304 (E.D. La. Oct. 15, 2008), the court held that plaintiff properly served the defendant when he mailed the summons and complaint to the defendant's home, but the envelope was re-routed to defendant's post office box, where it was retrieved by defendant's friend, who retrieved defendant's mail as a courtesy. The conclusion in *Stogner*, followed easily from the Louisiana Supreme Court's pronouncement that that notice may "be received by defendant or by a person *authorized to receive mail on his behalf.*" *Id.* at 764 (emphasis added). Unlike *Stogner*, however, the certified mail here was not received by anyone authorized to receive it.

Defendant also relies on cases in which courts have held that service was proper when certified mail was returned as unclaimed. For example, in *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 889 So. 2d 442, 444 (La. Ct. App. 2004), the court held that service was proper when the plaintiff mailed the petition and citation to the defendant by certified mail, but it was returned as unclaimed because "a defendant may not be allowed to defeat valid service by merely refusing to accept the letter containing the citation." (internal citation omitted); *McFarland v. Dippel*, 756 So. 2d 618, 622 (La. Ct. App. 2000) (finding service proper when a defendant chose to ignore notice of a certified letter, and refused to claim the letter at the post office). Unlike *HTS* and *McFarland*, where the defendants ignored certified mail and failed to claim

it, there is no evidence that Defendant attempted to defeat service by refusing to accept service or ignoring mail that he received. To the contrary, as soon as Defendant saw the certified mail, he opened it and, through counsel, he expeditiously filed a notice of removal.

Defendant also relies on cases in which courts have held that when a plaintiff sends a copy of the petition and citation by certified mail to a defendant's former address, service is not effective. *See Kelly v. Arch Ins. Co.*, No. 15-00772, 2016 WL 3951424, at *7 (M.D. La. June 9, 2016), *report and recommendation adopted*, 2016 WL 3951391 (M.D. La. July 21, 2016); *Grace v. Myers*, 2015 WL 4939893, at *5 (M.D. La. Aug. 18, 2015);. These cases are consistent with the purpose of the long-arm statute, which is designed to ensure that plaintiffs take the proper steps to enable a defendant to have a "reasonably opportunity" to "actually accept the petition and citation[.]" *See Ray v. S. Cent. Bell Tel. Co.*, 303 So. 2d 877, 880 (La. Ct. App. 1974), *aff'd*, 315 So. 2d 759 (La. 1975); *Jurado v. Brashear*, 764 So. 2d 1066, 1077 (La. Ct. App. 2000), *rev'd on other grounds*, 782 So. 2d 575. A person cannot reasonably be expected to actually accept the petition and citation if they are served at an address where they no longer live or where they live only a few weeks each year.

Much like situations where a defendant is served at his former address, when a petition and citation are mailed to a defendant's part-time residence, the defendant does not have a reasonable opportunity to accept the petition and citation. It is not uncommon for people to have vacation homes, and other part-time residences. If a plaintiff can properly serve a defendant at these types of residences, defendants may

8

routinely succeed in having default judgments entered against them. The Court does not fault Plaintiff for mailing the petition and citation to Defendant at an address it believed Defendant lived, but the undisputed facts establish that Defendant only lives at his New York apartment three to six weeks each year. This kind of temporary residence is not one where an individual will have a reasonably opportunity to learn of lawsuits filed against them.

Because the Court finds that the defendant was not served in accordance with Louisiana's long-arm statute, the time for defendant to file a notice of removal has not begun. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 348, 354 (1999) (holding that mere receipt of the initial pleading, absent formal service, does not trigger the thirty-day period in which a defendant must file a notice of removal). The United States Court of Appeals for the Fifth Circuit has also held that "[g]enerally, service of process is not an absolute prerequisite to removal." *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000). Therefore, the fact that Defendant has not been properly served does not bar him from filing his notice of removal.

Plaintiff also argues that remand is warranted under the *Rooker-Feldman* doctrine because the Defendant asks the Court to set aside the state court default judgment. (Doc. 6-3 at p. 14). The Magistrate Judge correctly rejected this argument. (Doc. 23 at p. 15). "The *Rooker/Feldman* doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on state judgments." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). The Fifth Circuit, however, has explained that "[a] state court judgment in a case properly removed to federal court . . . can be

vacated under Federal Rule of Civil Procedure 60(b)." *FDIC v. Yancey Camp Development*, 889 F.2d 647, 648 (5th Cir. 1989). Therefore, *Rooker-Feldman* does not prevent the Court from exercising jurisdiction here.

Plaintiff also challenges the Court's subject matter jurisdiction, claiming that Defendant has not provided a basis for bankruptcy jurisdiction under 28 U.S.C. § 1334(b)28 U.S.C. § 1334, (Doc. 6-3 at p. 13). The Magistrate Judge correctly concluded that regardless of any bankruptcy jurisdiction, the Court has diversity jurisdiction over this suit because the parties are diverse and the amount in controversy exceeds $75,000. (Doc. 23 at p. 14). First, there is complete diversity of citizenship because Defendant alleges that he is domiciled in Florida, (Doc. 1 at ¶ 14), and Brown & Root is a limited liability company with two members, KBR, Inc. which is a Delaware corporation with its principal place of business in Texas, and Bernhard Capital Partners Management, LP which is a limited partnership with two partners, Jeffrey Jenkins and Jim Bernard, who are both domiciled in Louisiana." *Id.* at ¶ 13, 25. Second, the amount in controversy exceeds $75,000 because Plaintiff alleges that it sustained losses and damages in the sum of $3,264,965. (Doc. 1-2 at ¶ 25). Therefore the Court has diversity jurisdiction.[5]

---

[5] Because the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the Court need not determine whether it has related to bankruptcy jurisdiction under 28 U.S.C. § 1334(b). (*See* Doc. 1 at p. 6).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 23)** is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that the **Motion to Remand (Doc. 6)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Leave to File Response to Objection to Report and Recommendation (Doc. 25)** filed by Defendant is **GRANTED**.

**IT IS FURTHER ORDERED** that per the Court's prior Order, Plaintiff shall file any memorandum in opposition to Defendant's Motion for Relief from Judgment within twenty-one days of the date of this Order. (*See* Doc. 10)[6]

Baton Rouge, Louisiana, this 30th day of November, 2017.

```
                                    BRIAN A. JACKSON, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT
                                    MIDDLE DISTRICT OF LOUISIANA
```

---

[6] Because the Court has concluded that Defendant did not serve Plaintiff in accordance with the Louisiana long-arm statute, it necessarily follows that the Court must grant Defendant's Motion for Relief from Judgment. However, the Court will still allow Plaintiff to file its opposition to provide it with a full opportunity to be heard.